**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,** : **Case No. 2:26-cr-052**
**Chief Judge Sarah D. Morrison**

**v.**

**AMIR SHABAZZ,**
:
**Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of the Renewed Motion to Revoke Detention and Release on Conditions filed by Amir Shabazz. (Mot., ECF No. 20.) In his Motion, Mr. Shabazz asks the Court to order that he be released with conditions pending trial. The Government opposes. (Resp., ECF No. 22.) Having considered the evidence *de novo*, the Court agrees with the Magistrate Judge's findings of fact and conclusions of law. Accordingly, the Court **DENIES** the Motion.

## I. BACKGROUND

Amir Shabazz is charged with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(l), 841(b)(l)(B)(vi), 841(b)(l)(C), and 841(b)(2); Conspiracy to Use a Communication Facility in Commission of a Drug Felony in violation of 21 U.S.C. §§ 846, 843(b) and (d); Possession with Intent to Distribute Alprazolam in violation of 21 U. S.C. §§ 841(a)(l) and 841(b)(2); and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C). When he was

arrested, he had his initial appearance before a Magistrate Judge in the Central District of California; he was ordered detained pending trial. (ECF No. 7-7.) After being transferred to the Southern District of Ohio, Mr. Shabazz was arraigned on June 24, 2026, and the Magistrate Judge ordered that he remain in custody pending further proceedings. (ECF No. 12.)

## II. LEGAL STANDARD

Pursuant to the Bail Reform Act, "a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)). However, "[p]retrial detention can be ordered based on a judicial finding of either substantial danger to the community or risk of flight; only one is required." *United States v. Ford*, 455 F. Supp. 3d 512, 518 (S.D. Ohio 2020) (Morrison, J.) (internal citations and quotations omitted).

Once the Government has met its burden, the judicial officer must then determine whether conditions exist that would reasonably assure the defendant's appearance and the safety of the community upon a defendant's release. The factors to be considered in making such a determination are set out in Subsection G:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). If the judicial officer determines that a detention order is necessary, she shall submit a written statement of the reasons for the detention. *Id.* § 3142(i)(1).

When a magistrate judge issues a detention order, a defendant may request that that order be reviewed by the district court. 18 U.S.C. § 3145(b). The district judge reviews that order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000). While the district court is obligated to review the magistrate judge's determination, the district court need not hold a hearing. *See*, *e.g.*, *United States v. Sammons,* No. 2:19-CR-107, 2020 WL 613930, at *3 (S.D. Ohio Feb. 10, 2020) (Morrison, J.) (collecting cases).

## III. ANALYSIS

Mr. Shabazz seeks revocation of the detention order on two grounds. First, he argues he is not a flight risk or danger to the community based on his background characteristics under 18 U.S.C. 3142(g). Second, he claims there is a set of

conditions that the Court could impose to address any concerns. Mr. Shabazz states that he has been accepted into an inpatient treatment program at NOVA Behavioral Health and he has familial ties in California (including his mother, grandmother, partner, and children) where he would reside following treatment. (ECF No. 20, PAGEID ## 89–90.) Mr. Shabazz argues that the weapons offenses in his criminal history are nearly twenty years old, and that his remaining criminal history involves substance abuse and alcohol-related offenses for which he is amenable to treatment. (*Id.*, PAGEID # 91.)

In response, the Government argues that Mr. Shabazz's acceptance into a treatment program does not alter the Magistrate Judge's analysis under 18 U.S.C. 3142, because he knowingly participated in the distribution of narcotics. (ECF No. 22, PAGEID # 105.) The Government also disputes that there is a set of conditions the Court could impose to ensure the safety of the community or the Defendant's appearance in this district. (*Id.*, PAGEID # 107.)

Having evaluated *de novo* the Magistrate Judge's detention order, including reviewing the Pretrial Services Report, the Court finds as follows:

The Government has satisfied its burden of demonstrating Mr. Shabazz's dangerousness by clear and convincing evidence. The most powerful evidence of dangerousness is demonstrated by Mr. Shabazz's criminal history, which includes two firearms convictions, a DUI, and a second federal drug trafficking conviction. Accordingly, the Court turns to the factors set out in Subsection G.

The nature and circumstances of the charged offenses support continued pretrial detention. Mr. Shabazz is charged with possession of and distributing a controlled substance.

The weight of the evidence against Mr. Shabazz also supports his continued detention. In this circuit, "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). In this regard, there are strong indicators (including Mr. Shabazz's criminal history and the circumstances of the current charges) that Mr. Shabazz poses a danger to the community.

Mr. Shabazz's history and characteristics further weigh in favor of pretrial detention. While Mr. Shabazz does have familial ties in California, he has no current stable employment. His history of substance abuse causes the Court to be concerned about the risks of release. And, Mr. Shabazz has a significant criminal history that includes possession of a firearm and prior drug trafficking convictions. While two of the charges are twenty years old, a criminal history that includes drug and weapons convictions raise serious concerns as to whether he can be safely released back into his community.

The nature and seriousness of the danger to the community support Mr. Shabazz's continued detention pending trial.

Consideration of the requisite factors indicates no condition or combination of conditions of release would reasonably assure the safety of the community. Revocation of the detention order is not appropriate.

## IV. CONCLUSION

The Court **DENIES** the Renewed Motion to Revoke Detention and Release on Conditions. (Mot., ECF No. 20.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**